UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>SURJIT SINGH; RAJESHWAR<br>SINGH; and ANITA SHARMA,<br><br>            Defendants. | No.  2:13-cr-00084-GEB<br><br><br>**TRIAL CONFIRMATION ORDER** |

Trial in the above-captioned case, scheduled to commence on October 24, 2017, at 9:00 a.m., was confirmed at the hearing held on September 8, 2017.

### EVIDENTIARY DISPUTES

All evidentiary disputes capable of being resolved by in limine motions shall be set forth in such motions no later than September 29, 2017.  Oppositions to the motions or statements of non-opposition shall be filed no later than October 6, 2017.  Reply briefs shall be filed no later than October 13, 2017.  Hearing on the motions will commence at 9:00 a.m. on October 20, 2017.

Any reasonably anticipated dispute concerning the admissibility of evidence that is not briefed in an in limine

1

motion shall be included in trial briefs.   E.D. Cal. R. 285(a)(3).

**TRIAL PREPARATION**

A.   No later than five (5) court days before trial, the following documents shall be filed (**and the Courtroom Deputy Clerk shall be emailed a word version of the documents**):

(1)  proposed jury instructions and a proposed verdict form;

(2)  proposed voir dire questions to be asked by the Court;

(3)  trial briefs; and

(4)  a joint statement or joint proposed jury instruction that can be read to the jury during voir dire that explains the nature of the case.

B.   The government's exhibits shall be numbered with stickers.   Should the defendant elect to introduce exhibits at trial, such exhibits shall be designated by alphabetical letter with stickers.   The parties may obtain exhibit stickers from the Clerk's Office.

C.   The parties estimate it will take approximately nine (9) court days to try the case, which includes closing arguments.   Each defendant has fifteen (15) minutes for voir dire and the government has thirty (30) minutes for voir dire.   Two (2) alternate juror(s) will be empaneled, if feasible.

The "struck jury" system will be used to select the jury.   The struck jury system is "designed to allow both the prosecution and the defense a maximum number of peremptory

2

challenges.   The venire . . . start[s] with about 3[6] potential jurors, from which the defense and the prosecution alternate[] with strikes until a petite panel of 12 jurors remain[s]." Powers v Ohio, 499 U.S. 400, 404-05 (1991); see also United States v. Esparza-Gonzalez, 422 F.3d 897, 899 (9th Cir. 2005) (discussing the "struck jury" system).

The Jury Administrator randomly selects potential jurors and places their names on a list that will be provided to each party in the numerical sequence in which they were randomly selected.   Each juror will be placed in his or her randomly-selected seat.   The first 12 jurors on the list will constitute the petit jury unless one or more of those 12 is excused for some reason.   Assuming that the first listed juror is excused, the thirteenth listed juror becomes one of the twelve jurors.

The Courtroom Deputy Clerk will give each juror a large laminated card on which their number is placed.   When questions are posed to the jurors as a group, they will be asked to raise their number if they have a response.   Generally, jurors will be given an opportunity to respond in numerical order, in which the juror with the lowest numbered laminated card may respond first.

Following the voir dire questioning, each side will take turns exercising its peremptory challenges.   The parties will be given a sheet of paper ("strike sheet") upon which they shall silently exercise their peremptory challenges in the manner specified on the strike sheet, commencing with Defendant.   United States v. Yepiz, 685 F.3d 840, 845-846 (9th Cir. 2012) (indicating the "'use it or lose it' voir dire [waiver] practice" is authorized if "the composition of the panel" does not change).

1    The parties requested that the alternate juror(s) be
2  retained after the jury retires to deliberate, and that they will
3  make suggestions in trial briefs concerning what the judge should
4  say to the alternate jurors before they are allowed to leave the
5  courthouse.

6    D.  If any party desires training on the court's audio
7  visual equipment, that party should contact Richard Arendt
8  (rarendt@caed.uscourts.gov) in the IT Department to make
9  arrangements for training.  The courtroom is available for
10 training Monday through Thursday between 8:00 and 8:30 a.m.  If
11 training is not needed and a party wants to test the equipment,
12 this can be done the morning of trial between 8:00 and 8:30 a.m.

13    E.  Each defendants has fifteen (15) minutes to make
14 an opening statement and the government has thirty (30) minutes
15 to make an opening statement.

16    F.  After closing jury instructions, the judge intends
17 to communicate the following with the Court Security Officer and
18 the jury:

19        The Courtroom Deputy Clerk shall
20    administer the oath to the United States
      Court Security Officer.

21        Sir, the jury may adjourn deliberation
22    as desired, without consulting with me; the
      breaks are under your general supervision.
23    If the jury adjourns for lunch, a Court
      Security Officer shall immediately tell the
24    Courtroom Deputy Clerk so that my staff, the
      lawyers, the parties, and I can be relieved
25    from standby status while the jury adjourns
      deliberations.  Jurors should stay in the
26    jury room until all jurors are ready to leave
      for a break.

27        Should the jury adjourn later today,
28    jurors are permitted tomorrow to proceed
      directly to the jury deliberation room, but

4

jurors are to wait until all jurors are present before resuming deliberations because all jurors must be present when the jury deliberates. Jury deliberations shall occur, as needed, until 5:00 p.m. when the jury shall adjourn for the evening; and the jury shall resume deliberations the next day commencing at 9:00 a.m.

A Court Security Officer will maintain a post outside the jury deliberation room to protect the jury from outside influences or visitors. The Court Security Officer will not communicate with a juror about the case or the court system because such conversations could be misconstrued as a communication that seeks to influence a juror. What I just said does not apply to any note that a juror or the jury gives to the Court Security Officer, because the juror and/or the jury is required to tell the Court Security Officer that the jury has a note for the Judge. The Court Security Officer shall take possession of the note, and then immediately call the Courtroom Deputy Clerk so that she can obtain the note from the Court Security Officer and give it to me.

Each juror may continue possessing his or her cell phone or other communication device, but that device shall be turned off when the jury is engaged in deliberation. The Court Security Officer shall escort the jurors to the jury deliberation room.

G.   Further, the Court intends to tell the alternate jurors what follows:

Under federal law, an alternate juror can only go into the jury deliberation room if the alternate juror replaces a juror. Therefore, you may leave the courthouse now and do what you normally do when you are not on a jury. However, you are bound by the admonitions I gave in the jury instructions, since you may eventually replace one of the deliberating jurors. If you are needed to replace a juror, the Courtroom Deputy Clerk will tell you to appear in this courtroom. Provide the Courtroom Deputy Clerk with your contact information before you leave the courtroom. If the trial is resolved, the Courtroom Deputy Clerk will inform you that you are discharged from further service on

1                 this case and you are released from the
2                 admonitions, including the directive that you
                not talk to others about this case.  In the
3                 event I do not see you again, thank you for
                your service on this case.

4                 Any objections to or proposed modification to either or

5 both communications in sections F and G shall be filed no later

6 than five (5) days after this order is filed.

7

Dated:  September 8, 2017

8

9

10                                   _____
                                  GARLAND E. BURRELL, JR.
11                                   Senior United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28