UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:13-cr-00084-GEB |
| Plaintiff, | |
| v. | **VOIR DIRE, INITIAL JURY INSTRUCTIONS, JURY INSTRUCTIONS THAT MAY BE GIVEN IN THE COURSE OF TRIAL, PROPOSED FINAL JURY INSTRUCTIONS, AND PROPOSED VERDICT FORMS** |
| SURJIT SINGH, et al., | |
| Defendants. | |

Attached are the Court's voir dire questions, initial jury instructions, instructions that may be given in the course of trial if a party makes the request,[1] proposed final jury instructions, and proposed verdict forms.

The bracketed optional language shall be clarified by a party or the parties as soon as feasible.

Trial will commence at 9:00 a.m. on October 24, 2017.

Dated: October 20, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] No Defendant provided a proposed instruction to be given in the course of trial.

1

1
2
3
4
5                              **<u>VOIR DIRE</u>**
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3                    UNITED STATES DISTRICT COURT

4                    EASTERN DISTRICT OF CALIFORNIA

5

6
UNITED STATES OF AMERICA,           No. 2:13-cr-00084-GEB

7                Plaintiff,

8        v.                          **VOIR DIRE**

9
SURJIT SINGH, et al.,

10               Defendants.

11

12            Good morning and welcome to the United States District

13   Court.   Thank you for both your presence and your anticipated

14   cooperation in the questioning process we are about to begin.

15   You are performing an important function in our legal system.

16            The court personnel who will assist me in this trial

17   are on the platform below me.   The Courtroom Deputy Clerk is

18   Shani Furstenau.   Next to her is the Certified Court Reporter.

19   Ms. Furstenau, please administer the oath to the prospective

20   jurors.

21            We are about to begin what is known as voir dire.  Voir

22   dire consists of questions designed to provide the court and the

23   parties with information about each potential juror.   After

24   questioning is complete, the parties will exercise what is known

25   as peremptory challenges.

26            1.  Counsel, the Jury Administrator has already

27   randomly selected potential jurors and their names are on the

28   sheet you have been given in the order of the random selection.

Each potential juror has been placed in his or her randomly-selected seat, and has been given a large laminated card on which the number is placed showing the order in which the potential juror was randomly selected.

2.   I will ask the potential jurors questions as a group.  If a potential juror has a response, he or she shall raise the laminated card.  Generally, you will be given an opportunity to respond in accordance with the numerical order in which you are seated, meaning the potential juror in the lowest numbered seat will respond first.  If no card is raised, I will simply state "no response" and then ask the next question.  If you know it is your turn to respond to a question, you may respond before I call your seat number by stating your seat number, then your response.  That could expedite the process.

3.   If a potential juror concludes a question unduly pries into a private matter, the potential juror may request to respond out of the earshot of other potential jurors.  I'm authorized to try to protect legitimate privacy interests, but may ask questions in the area that you indicate a desire to discuss in private to determine whether it, or any aspect of the matter, should be responded to as indicated.  This approach is taken because the trial should be open unless I have a legitimate reason to close an aspect of it.

4.   The presentation of evidence and closing argument portions of the trial are expected to be completed in approximately three weeks, after which the case will be submitted to the jury for jury deliberation.  Trial will be conducted on Tuesdays, Wednesdays, and Thursdays, from 9:00 a.m. to about 4:30

1   p.m.  However, once you commence jury deliberations, you will be
2   expected to deliberate every day except weekends until you
3   complete your deliberations.   Does the schedule pose a special
4   problem for any prospective jury?

5        5.   Counsel may make any desired introductions and the
6   government shall name anticipated witnesses it may call so it can
7   be determined whether any potential jury knows or has contact
8   with a person named.

9            a.   Do you know and or have you had any contact
10               with a person just named?

11        6.   This is a criminal case in which the Defendants
12   Surjit Singh, Rajeshwar Singh, and Anita Sharma have been
13   indicted by the United States for mail fraud in Counts 1 and 2,
14   bank fraud in Counts 5 and 6, and making false statements to a
15   bank in Counts 9 and 10.   Defendants Surjit Singh and Rajeshwar
16   Singh have also been indicted for mail fraud in Counts 3 and 4,
17   bank fraud in Counts 7 and 8, and making false statements to a
18   bank in Counts 11 and 12.   The Indictment alleges that between
19   2006 and 2007, Defendants Surjit Singh, Rajeshwar Singh, and
20   Anita Sharma participated in a material scheme to defraud
21   mortgage lending institutions and to obtain money and property
22   from such institutions by means of materially false and
23   fraudulent representations.   The indictment alleges that the
24   defendants made false representations and statements in order to
25   get mortgage loans from federally-insured financial institutions
26   associated with the purchase of several properties, including
27   10254 Gilliam Drive in Elk Grove, California, and 8001 Cavalier
28   Way in Sacramento, California.   The indictment also alleges that

Defendants Surjit Singh and Rajeshwar Singh made false representations and statements in order to get mortgage loans from federally-insured financial institutions associated with the purchase of several other properties, including 1977 San Ramos Way in Modesto, California and 648 Queensland Circle in Stockton, California. Each Defendant has pled not guilty to all charges. The allegations in the indictment are not evidence. Each Defendant is presumed innocent unless and until proven guilty beyond a reasonable doubt. The United States has the burden of proving every element of each charge beyond a reasonable doubt.

7.    In light of the allegations, does any potential juror prefer not being a juror on this case?

8.    Is there anything about the allegations which causes you to feel that you might not be a fair juror in this case?

9.    Have you, a family member, or close friend had an experience with a bank, mortgage broker, real estate agent, lender representative, and/or escrow officer that may impact your ability to be an impartial juror in this case?

10.    Is there any reason why you would not be able to be a juror and/or to give your full attention to this case?

11.    Have you, any member of your family, or any close friend been accused of or arrested for a crime or been the defendant in a criminal case?

   a.    Could what you just related interfere with your being a fair and impartial juror in this case?

12.    Do you have any religious or moral objection to

4

1   sitting in judgment of another's conduct in a court of law?

2          13.   Have you ever testified as a witness in a criminal

3   trial for either the prosecution and/or the defense?

4                 a.   Briefly describe the circumstances.

5          14.   Have you, a member of your family, and/or a close

6   friend ever been a victim of or witness to a crime?

7                 a.   What happened?

8          15.   Have you ever served as a juror in the past, in

9   any capacity?

10                a.   State whether it was a civil or criminal

11                     case, and whether the jury reached a verdict,

12                     but do not state the actual verdict reached.

13         16.   Would you tend to believe the testimony of a

14   witness just because of that witness's present or former state or

15   federal law enforcement employment, or other governmental

16   employment?

17         17.   Would you tend to disbelieve the testimony of a

18   witness just because of the witness's present or former state or

19   federal law enforcement employment, or other governmental

20   employment?

21         18.   You are required to apply the law I will give you

22   even if you believe a different law should apply.  If you cannot

23   agree to what I just said, please raise your hand.

24         19.   Do you have any difficulty with the rule of law

25   that a person charged with a crime is presumed innocent and need

26   not present any evidence, and the government at all times bears

27   the burden of proving guilt beyond a reasonable doubt?

28         20.   Do you have any problem with the rule of law that

1   a defendant need not testify on his own behalf and that if a

2   defendant chooses not to testify, that factor may not be

3   considered by you in your deliberations?

4         21.   Is there anything that we have not discussed that

5   you suspect a trial participant would desire to know?

6         22.   The Courtroom Deputy Clerk will give the juror in

7   seat number one a sheet on which there is information we seek.

8   Please pass the sheet to a potential juror near you after you

9   respond.

10        Please state:

11              a.   your juror seat number;

12              b.   your name and educational background;

13              c.   the educational background of any person

14                   residing with you;

15              d.   your present and former occupations; and

16              e.   the present and former occupations of any

17                   person residing with you.

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INITIAL JURY INSTRUCTIONS**

INSTRUCTION NO. 1

Ladies and gentlemen: you are now the jury in this case, and I want to take a few minutes to give you some initial instructions. You must follow all of them and not single out some and ignore others; they are all important. You must not infer from these instructions or from anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You should not be influenced by any person's race, color, religion, national ancestry, or gender. That means that you must decide the case solely on the evidence before you.

1

INSTRUCTION NO. 2

This is a criminal case brought by the United States government.  The government charges Defendants with mail fraud, bank fraud and false statements to a bank or other federally insured institution.

The charges against Defendants are contained in the indictment.  The indictment simply describes the charges the government brings against the defendants.  The indictment is not evidence and does not prove anything.

Defendants have pleaded not guilty to the charges and are presumed innocent unless and until the government proves Defendants guilty beyond a reasonable doubt.  In addition, each Defendant has the right to remain silent and never has to prove innocence or to present any evidence.

2

INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

the sworn testimony of any witness;

the exhibits which are received in evidence; and

any facts to which the parties agree.

INSTRUCTION NO. 4

Certain things are not evidence, and you may not consider them in deciding what the facts are.

The Lawyers' arguments and statements are not evidence. What the lawyers may say in an opening statement, in a closing argument, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them in their opening statements or closing arguments, your memory of them controls.

The Lawyers' questions and objections are not evidence. Lawyers may object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

Testimony that may be excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits may be received only for a limited purpose; when I give a limiting instruction, you must follow it.

Finally, anything you may have seen or heard when Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 5

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 6

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and the other party thinks that it is not permitted by the rules of evidence, the party who questions the admissibility may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

INSTRUCTION NO. 7

Languages other than English will be used for some evidence during this trial.  When a witness testifies in another language, the witness will do so through an official court interpreter.

The evidence you are to consider and on which you must base your decision is only the English-language interpretation provided through the official court interpreter.  Although some of you may know the non-English language used, you must disregard any meaning of the non-English words that differs from the official interpretation.

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

INSTRUCTION NO. 8

Although Defendants are being tried together, you must give separate consideration to each Defendant.  In doing so, you must determine which evidence in the case applies to each Defendant, disregarding any evidence admitted solely against some other Defendant or Defendants.  The fact that you may find one of Defendants guilty or not guilty should not control your verdict as to any other Defendant.

INSTRUCTION NO. 9

From time to time during the trial, it may become necessary for me to talk with the parties out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant a party's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

INSTRUCTION NO. 10

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

the opportunity and ability of the witness to see or hear or know the things testified to;

the witness's memory;

the witness's manner while testifying;

the witness's interest in the outcome of the case and any bias or prejudice;

whether other evidence contradicted the witness's testimony;

the reasonableness of the witness's testimony in light of all the evidence; and

any other factors that bear on believability.

10

INSTRUCTION NO. 11

I will now say a few words about your conduct as jurors.

You are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or by any other medium. Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

If you need to communicate with me simply give a signed note to the Court Security Officer to give to me;

Do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then; and

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

INSTRUCTION NO. 12

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

INSTRUCTION NO. 13

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes shall be left on the seat you now occupy.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

INSTRUCTION NO. 14

The next phase of trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and Defendants may cross examine.  Then, if Defendants choose to offer evidence, the government may cross examine.

After the evidence has been presented, the lawyers will make closing arguments and I will give you further instructions.

After that, you will go to the jury room to deliberate on your verdict.

14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTIONS THAT MAY BE GIVEN
DURING THE COURSE OF TRIAL**

INSTRUCTION NO. 1

The parties have agreed what [name of witness]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

1

INSTRUCTION NO. 2

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

1                            INSTRUCTION NO. 3

2              You are about to hear testimony of a witness who will

3    be testifying in Punjabi or Hindi.  Witnesses who do not speak

4    English or who are more proficient in another language testify

5    through an official court interpreter.  Although some of you may

6    know Punjabi or Hindi, it is important that all jurors consider

7    the same evidence.  Therefore, you must accept the interpreter's

8    translation of the witness's testimony. You must disregard any

9    different meaning.

10             You must not make any assumptions about a witness or

11   party based solely on the fact that an interpreter was used.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   3

INSTRUCTION NO. 4

You are about to hear evidence that Defendant [Surjit Singh, Rajeshwar Singh and/or Anita Sharma] committed other crimes, wrongs, or acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of Defendant's intent, motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, or absence of accident and for no other purpose.

4

INSTRUCTION NO. 5

You are about to hear evidence that [describe evidence to be received for limited purpose]. I instruct you that this evidence is admitted only for the limited purpose of [describe purpose] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

1                           INSTRUCTION NO. 6

2              You are about to hear evidence that Anita Sharma made

3    one or more statements to law enforcement.  I instruct you that

4    this evidence is admitted only for the limited purpose of

5    establishing the guilt of Anita Sharma and, therefore, you must

6    consider it only for that limited purpose and not for any other

7    purpose.  You may not consider the statements made by Anita

8    Sharma to determine the guilt of any of the other defendants.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROPOSED CLOSING JURY INSTRUCTIONS**

INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.   Each of you now possesses a copy of these instructions that you may take with you into the jury room to consult if you desire.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.   It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.

You must decide the case solely on the evidence and the law.   Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.   You should also not be influenced by any person's race, color, religion, national ancestry, or gender.   You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return − that is a matter entirely up to you.

INSTRUCTION NO. 2

The indictment is not evidence.  The defendants have pleaded not guilty to the charges.  The defendants are presumed to be innocent unless and until the government proves the defendants guilty beyond a reasonable doubt.  In addition, the defendants do not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

1                        INSTRUCTION NO. 3

2              A  defendant  in  a  criminal  case  has  a  constitutional

3      right not to testify.   You may not draw any inference of any kind

4      from the fact that a defendant did not testify.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      3

INSTRUCTION NO. 4

Defendant [insert testifying defendant] has testified. You should treat this testimony just as you would the testimony of any other witness.

INSTRUCTION NO. 5

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find that defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find that defendant guilty.

5

INSTRUCTION NO. 6

The evidence you are to consider in deciding what the facts are consists of:

the sworn testimony of any witness;

the exhibits received in evidence; and

any facts to which the parties have agreed.

INSTRUCTION NO. 7

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

The Lawyers' arguments and statements are not evidence. What the lawyers may say in an opening statement, in a closing argument, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them in their opening statements or closing arguments, your memory of them controls.

The Lawyers' questions and objections are not evidence. Lawyers may object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

Testimony that may be excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits may be received only for a limited purpose; when I give a limiting instruction, you must follow it.

Finally, anything you may have seen or heard when Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

7

INSTRUCTION NO. 8

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 9

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

the opportunity and ability of the witness to see or hear or know the things testified to;

the witness's memory;

the witness's manner while testifying;

the witness's interest in the outcome of the case and any bias or prejudice;

whether other evidence contradicted the witness's testimony;

the reasonableness of the witness's testimony in light of all the evidence; and

any other factors that bear on believability.

9

INSTRUCTION NO. 10

You are here only to determine whether the defendants are guilty or not guilty of the charges in the indictment.   The defendants are not on trial for any conduct or offense not charged in the indictment.

INSTRUCTION NO. 11

A separate crime is charged against one or more of Defendants in each count.   The charges have been joined for trial.   You must decide the case of each Defendant on each crime charged against that Defendant separately.   Your verdict on any count as to any Defendant should not control your verdict on any other count or as to any other Defendant.

All the instructions apply to each Defendant and to each count unless a specific instruction states that it applies only to a specific Defendant or a specific count.

11

INSTRUCTION NO. 12

The Punjabi [or Hindi] language has been used during this trial.

The evidence you are to consider is only that provided through the official court interpreters or translators.  Although some of you may know the Punjabi [or Hindi] language, it is important that all jurors consider the same evidence.  Therefore, you must accept the evidence presented in the English interpretation or translation and disregard any different meaning.

12

INSTRUCTION NO. 13

The indictment charges that the offenses alleged in Counts One through Twelve were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in Counts One through Twelve of the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

13

INSTRUCTION NO. 14

You have heard testimony that a Defendant made a statement. It is for you to decide (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

INSTRUCTION NO. 15

You have heard evidence that Anita Sharma made one or more statements to Federal Bureau of Investigation Special Agents Gail Paresa and Benjamin Paulin.  This evidence has been admitted only for the limited purpose of establishing the guilt of Anita Sharma, following all of my other instructions.  Therefore, you must consider it only for that limited purpose and not for any other purpose.

You may not consider the statements made by Anita Sharma to determine the guilt of any other Defendant.

15

INSTRUCTION NO. 16

You have heard evidence that Defendants committed other crimes, wrongs, or acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of a Defendant's intent, motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, or absence of accident and for no other purpose.

16

INSTRUCTION NO. 17

You have heard evidence that [name of witness], a witness, [specify basis for impeachment].  You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

INSTRUCTION NO. 18

You have heard testimony from [name of witness], a witness who [received immunity. That testimony was given in exchange for a promise by the government that [the witness will not be prosecuted] [the testimony will not be used in any case against the witness]];

[received [benefits] [compensation] [favored treatment] from the government in connection with this case];

[[admitted being] [was alleged to be] an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime;

[pleaded guilty to a crime arising out of the same events for which the defendants are on trial. This guilty plea is not evidence against the defendants, and you may consider it only in determining this witness's believability].

For [this] [these] reason[s], in evaluating the testimony of [name of witness], you should consider the extent to which or whether his or her testimony may have been influenced by [this] [any of these] factor[s]. In addition, you should examine the testimony of [name of witness] with greater caution than that of other witnesses.

18

1                        INSTRUCTION NO. 19

2           You have heard testimony from [name] who testified to

3    opinions and the reason for [his][her] opinions.  This opinion

4    testimony is allowed because of the education or experience of

5    the witness.

6           Such opinion testimony should be judged like any other

7    testimony.  You may accept it or reject it, and give it as much

8    weight as you think it deserves, considering the witness's

9    education and experience, the reasons given for the opinion, and

10   all the other evidence in the case.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 20

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted in evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

20

INSTRUCTION NO. 21

Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

INSTRUCTION NO. 22

All Defendants are charged in Counts One and Two of the indictment with mail fraud in violation of Section 1341 of Title 18 of the United States Code.   Defendants Surjit Singh and Rajeshwar Singh are also charged in Counts Three and Four of the indictment with mail fraud in violation of Section 1341 of Title 18 of the United States Code.   In order for a Defendant to be found guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt:

First, that defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises.   Deceitful statements or half-truths may constitute false or fraudulent representations;

Second, the statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, that Defendant acted with the intent to defraud; that is, the intent to deceive or cheat; and

Fourth, the person used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only a Defendant's words and statements, but also the circumstances in which they are used as a whole.

A mailing is caused when one knows that the mails will

22

1   be used in the ordinary course of business or when one can
2   reasonably foresee such use.  It does not matter whether the
3   material mailed was itself false or deceptive so long as the mail
4   was used as part of the scheme, nor does it matter whether the
5   scheme or plan was successful or that any money or property was
6   obtained.

7          A mailing may be either by the United States Postal
8   Service or by a private or commercial carrier operating in
9   interstate commerce.  A carrier operates in interstate commerce
10  if it engages in interstate deliveries of mail; that is, delivery
11  of mail from one state to another.  The mailed object itself need
12  not have traveled from one state to another.

13         A mailing need only be incident to an essential part of
14  the scheme or plan, and may occur after money or property has
15  been fraudulently obtained if the mailing is necessary to
16  complete an essential part of the scheme or plan.

17
18
19
20
21
22
23
24
25
26
27
28

1                         INSTRUCTION NO. 23

2              All Defendants are charged in Counts Five and Six of

3    the indictment with bank fraud in violation of Section 1344(1) of

4    Title 18 of the United States Code.  Defendants Surjit Singh and

5    Rajeshwar Singh are also charged in Counts Seven and Eight of the

6    indictment with bank fraud in violation of Section 1344(1) of

7    Title 18 of the United States Code.  In order for a Defendant to

8    be found guilty of these charges, the government must prove each

9    of the following elements beyond a reasonable doubt:

10             First, that Defendant knowingly executed a scheme to

11   defraud a financial institution as to a material matter;

12             Second, that Defendant did so with the intent to

13   defraud the financial institution; and

14             Third, the financial institution was insured by the

15   Federal Deposit Insurance Corporation.

16             The phrase "scheme to defraud" means any deliberate

17   plan of action or course of conduct by which someone intends to

18   deceive, cheat, or deprive a financial institution of something

19   of value.  It is not necessary for the government to prove that a

20   financial institution was the only or sole victim of the scheme

21   to defraud.  It is also not necessary for the government to prove

22   that the Defendant was actually successful in defrauding any

23   financial institution.  Finally, it is not necessary for the

24   government to prove that any financial institution lost any money

25   or property as a result of the scheme to defraud.

26             An intent to defraud is an intent to deceive or cheat.

27

28

                                24

INSTRUCTION NO. 24

All Defendants are charged in Counts Five and Six of the indictment with bank fraud in violation of Section 1344(2) of Title 18 of the United States Code.  Defendants Surjit Singh and Rajeshwar Singh are also charged in Counts Seven and Eight of the indictment with bank fraud in violation of Section 1344(2) of Title 18 of the United States Code.  In order for a Defendant to be found guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt:

First, that Defendant knowingly carried out a scheme or plan to obtain money or property from CitiMortgage, Citibank, JP Morgan Chase Bank, Chase Bank USA, or IndyMac Bank by making false statements or promises;

Second, that Defendant knew that the statements or promises were false;

Third, the statements or promises were material; that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property;

Fourth, that Defendant acted with the intent to defraud; that is, the intent to deceive and cheat; and

Fifth, CitiMortgage, Citibank, JP Morgan Chase Bank, Chase Bank USA, or IndyMac were federally insured.

INSTRUCTION NO. 25

If you decide that a Defendant was a member of a scheme to defraud and that the Defendant had the intent to defraud, that Defendant may be responsible for other co-schemers' actions during the course of and in furtherance of the scheme, even if that Defendant did not know what they said or did.

For that Defendant to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the offense must be one that the Defendant could reasonably foresee as a necessary and natural consequence of the scheme to defraud.

26

INSTRUCTION NO. 26

An act is done knowingly if a Defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that a Defendant knew that his or her acts or omissions were unlawful. You may consider evidence of the Defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the Defendant acted knowingly.

INSTRUCTION NO. 27

You may find that a Defendant acted knowingly if you find beyond a reasonable doubt that the Defendant:

First, was aware of a high probability that materially false statements were made to a lender in connection with the purchase of one of the properties alleged as being part of the scheme to defraud, and

Second, deliberately avoided learning the truth.

You may not find such knowledge, however, if you find that the Defendant actually believed that no false statements were made to a lender in connection with the purchase of one of the properties alleged as being part of the scheme to defraud, or if you find that the Defendant was simply careless.

INSTRUCTION NO. 28

If a Defendant acted with reckless indifference to whether a statement was true or false, you may find that she or he acted with an intent to defraud.

INSTRUCTION NO. 29

A Defendant's belief that the victims of the fraud will be paid in the future or will sustain no economic loss is no defense to the crime.

INSTRUCTION NO. 30

Statements made pursuant to the scheme are material if they had a natural tendency to influence, or were capable of influencing, the decision-making body to which they were addressed to part with money or property.  The pertinent question here is whether the statements were material, not whether the mortgage lender was negligent.

It is not relevant to the charges in the indictment that the mortgage lender that funded the loans in this case did or did not exercise ordinary prudence in relation to the transactions alleged to be part of the scheme.

INSTRUCTION NO. 31

Defendants Surjit Singh, Rajeshwar Singh, and Anita Sharma are charged in Counts Nine and Ten of the indictment with making, or causing to be made, false statements and reports to a federally insured bank or other federally insured institution, specifically, CitiMortgage, Citibank, or JP Morgan Chase Bank, for the purpose of influencing these banks and institutions in violation of Section 1014 of Title 18 of the United States Code. Defendants Surjit Singh and Rajeshwar Singh are charged in Counts Eleven and Twelve of the indictment with making, or causing to be made, false statements and reports to a federally insured bank or other federally insured institution, specifically, Chase Bank USA or IndyMac Bank, for the purpose of influencing these banks in violation of Section 1014 of Title 18 of the United States Code. In order for a Defendant to be found guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt:

First, that Defendant made a false statement or report to a federally insured CitiMortgage, Citibank, JP Morgan Chase Bank, Chase Bank USA, or IndyMac Bank;

Second, that Defendant made the false statement or report to CitiMortgage, FDIC; Citibank, FDIC; JP Morgan Chase Bank, FDIC; Chase Bank USA, FDIC, or IndyMac Bank, FDIC knowing it was false; and

Third, that Defendant did so for the purpose of influencing in any way the action of CitiMortgage, FDIC; Citibank, FDIC; JP Morgan Chase Bank, FDIC; Chase Bank USA, FDIC; or IndyMac Bank, FDIC.

32

1      It is not necessary, however, to prove that
2  CitiMortgage, FDIC; Citibank, FDIC; JP Morgan Chase Bank, FDIC;
3  Chase Bank USA, FDIC; or IndyMac Bank, FDIC were, in fact,
4  influenced or misled. What must be proved is that the defendant
5  intended to influence CitiMortgage, FDIC; Citibank, FDIC; JP
6  Morgan Chase Bank, FDIC; Chase Bank USA, FDIC; or IndyMac Bank,
7  FDIC by the false statement.

8      Materiality is not an element of the crime of knowingly
9  making a false statement to a federally insured bank in violation
10  of Section 1014 of Title 18 of the United States Code.

33

INSTRUCTION NO. 32

A Defendant may be found guilty of mail fraud, bank fraud, and making false statements to a bank or other federally insured institution, even if that Defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To prove a Defendant guilty of mail fraud, bank fraud, or making false statements or reports to a bank or other federally insured institution by aiding and abetting, the government must prove beyond a reasonable doubt:

First, mail fraud, bank fraud, or making false statements or reports to a bank or other federally insured institution was committed by someone;

Second, that Defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of mail fraud, bank fraud, or making false statements or reports to a bank or other federally insured institution;

Third, that Defendant acted with the intent to facilitate mail fraud, bank fraud, or making false statements or reports to a bank or other federally insured institution; and

Fourth, that Defendant acted before the crime was completed.

It is not enough that a Defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the Defendant acted with the knowledge and intention of helping that person commit mail fraud, bank fraud, or making false statements or reports to a federally

34

insured financial institution.

A Defendant acts with the intent to facilitate the crime when that Defendant actively participates in a criminal venture with advance knowledge of the crime [and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime].

The government is not required to prove precisely which Defendant actually committed the crime and which Defendant aided and abetted.

INSTRUCTION NO. 33

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, national ancestry, or gender.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your

36

1   opinions if you become persuaded that it is wrong.
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

INSTRUCTION NO. 34

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

INSTRUCTION NO. 35

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

INSTRUCTION NO. 36

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the Court Security Officer that you are ready to return to the courtroom.

INSTRUCTION NO. 37

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Court Security Officer, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone, including me, how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

1
2
3
4                              **VERDICT FORMS**
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

           Plaintiff,

    v.

ANITA SHARMA,

           Defendant.

No. 2:13-cr-00084-GEB

**VERDICT FORM**

      WE, THE JURY, UNANIMOUSLY FIND THE DEFENDANT, ANITA SHARMA, AS FOLLOWS:

AS TO COUNT 1 OF THE INDICTMENT:

<u>GUILTY</u>    <u>NOT GUILTY</u>

                         Mail Fraud, in violation of Title 18, United States Code, Section 1341, with respect to Deed of Trust for 10254 Gilliam Drive, Elk Grove, California on or about April 4, 2007

_____ _____

AS TO COUNT 2 OF THE INDICTMENT:

<u>GUILTY</u>    <u>NOT GUILTY</u>

                         Mail Fraud, in violation of Title 18, United States Code, Section 1341, with respect to Deed of Trust for 8001 Cavalier Way, Sacramento, California on or about April 18, 2007

_____ _____

1

AS TO COUNT 5 OF THE INDICTMENT:

<u>GUILTY</u>      <u>NOT GUILTY</u>

Bank Fraud, in violation of Title 18, United States Code, Section 1344, with respect to 10254 Gilliam Drive, Elk Grove, California, on or about April 4, 2007

_____  _____

If you found the defendant guilty of Count Five, do you find the government proved beyond a reasonable doubt all elements of Section 1344(1) of Title 18 of the United States Code in Instruction Number 23?

Yes _____        No _____

If you found the defendant guilty of Count Five, do you find the government proved beyond a reasonable doubt all elements of Section 1344(2) of Title 18 of the United States Code in Instruction Number 24?

Yes _____        No _____


AS TO COUNT 6 OF THE INDICTMENT:

<u>GUILTY</u>      <u>NOT GUILTY</u>

Bank Fraud, in violation of Title 18, United States Code, Section 1344, with respect to 8001 Cavalier Way, Sacramento, California, on or about April 18, 2007

_____  _____

If you found the defendant guilty of Count Six, do you find the government proved beyond a reasonable doubt all elements of Section 1344(1) of Title 18 of the United States Code in Instruction Number 23?

Yes _____        No _____

1          If you found the defendant guilty of Count Six, do you

2     find the government proved beyond a reasonable doubt all elements

3     of Section 1344(2) of Title 18 of the United States Code in

4     Instruction Number 24?

5               Yes _____          No _____

6

7     AS TO COUNT 9 OF THE INDICTMENT:

8     GUILTY      NOT GUILTY

9                             False Statement to a Federally Insured
                              Bank   or   other   Federally   Insured
10                            Financial Institution, in violation of
                              Title 18, United States Code, Section
11    _____  _____  1014, with respect to 10254 Gilliam
                              Drive, Elk Grove, California, on or
12                            about April 4, 2007

13    AS TO COUNT 10 OF THE INDICTMENT:

14    GUILTY      NOT GUILTY

15                            False Statement to a Federally Insured
                              Bank   or   other   Federally   Insured
16                            Financial Institution, in violation of
                              Title 18, United States Code, Section
17    _____  _____  1014, with respect to 8001 Cavalier
                              Way, Sacramento, California, on or
18                            about April 18, 2007

19

20

21    DATED _____            FOREPERSON

22

23

24

25

26

27

28

                              3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>RAJESHWAR SINGH,<br><br>        Defendant. | No. 2:13-cr-00084-GEB<br><br>**VERDICT FORM** |

WE, THE JURY, UNANIMOUSLY FIND THE DEFENDANT, RAJESHWAR SINGH, AS FOLLOWS:

AS TO COUNT 1 OF THE INDICTMENT:

<u>GUILTY</u>     <u>NOT GUILTY</u>

_____  _____   Mail Fraud, in violation of Title 18, United States Code, Section 1341, with respect to Deed of Trust for 10254 Gilliam Drive, Elk Grove, California on or about April 4, 2007

AS TO COUNT 2 OF THE INDICTMENT:

<u>GUILTY</u>     <u>NOT GUILTY</u>

_____  _____   Mail Fraud, in violation of Title 18, United States Code, Section 1341, with respect to Deed of Trust for 8001 Cavalier Way, Sacramento, California on or about April 18, 2007

1

AS TO COUNT 3 OF THE INDICTMENT:

<u>GUILTY</u>      <u>NOT GUILTY</u>

                            Mail Fraud, in violation of Title 18,
                            United States Code, Section 1341, with
                            respect to Deed of Trust for 1977 San
_____   _____     Ramos Way, Modesto, California on or
                            about February 23, 2007


AS TO COUNT 4 OF THE INDICTMENT:

<u>GUILTY</u>      <u>NOT GUILTY</u>

                            Mail Fraud, in violation of Title 18,
                            United States Code, Section 1341, with
                            respect to Deed of Trust for 648
_____   _____     Queensland Circle, Stockton, California
                            on or about February 21, 2007


AS TO COUNT 5 OF THE INDICTMENT:

<u>GUILTY</u>      <u>NOT GUILTY</u>

                            Bank Fraud, in violation of Title 18,
                            United States Code, Section 1344, with
                            respect to 10254 Gilliam Drive, Elk
_____   _____     Grove, California, on or about April 4,
                            2007

        If you found the defendant guilty of Count Five, do you

find the government proved beyond a reasonable doubt all elements

of Section 1344(1) of Title 18 of the United States Code in

Instruction Number 23?

            Yes _____        No _____

        If you found the defendant guilty of Count Five, do you

find the government proved beyond a reasonable doubt all elements

of Section 1344(2) of Title 18 of the United States Code in

Instruction Number 24?

            Yes _____        No _____

2

AS TO COUNT 6 OF THE INDICTMENT:

<u>GUILTY</u>       <u>NOT GUILTY</u>

Bank Fraud, in violation of Title 18, United States Code, Section 1344, with respect to 8001 Cavalier Way, Sacramento, California, on or about April 18, 2007

_____  _____

If you found the defendant guilty of Count Six, do you find the government proved beyond a reasonable doubt all elements of Section 1344(1) of Title 18 of the United States Code in Instruction Number 23?

Yes _____        No _____

If you found the defendant guilty of Count Six, do you find the government proved beyond a reasonable doubt all elements of Section 1344(2) of Title 18 of the United States Code in Instruction Number 24?

Yes _____        No _____

AS TO COUNT 7 OF THE INDICTMENT:

<u>GUILTY</u>       <u>NOT GUILTY</u>

Bank Fraud, in violation of Title 18, United States Code, Section 1344, with respect to 1977 San Ramos Way, Modesto, California, on or about February 23, 2007

_____  _____

If you found the defendant guilty of Count Seven, do you find the government proved beyond a reasonable doubt all elements of Section 1344(1) of Title 18 of the United States Code in Instruction Number 23?

Yes _____        No _____

3

1    If you found the defendant guilty of Count Seven, do

2    you find the government proved beyond a reasonable doubt all

3    elements of Section 1344(2) of Title 18 of the United States Code

4    in Instruction Number 24?

5         Yes _____          No _____

6

7    AS TO COUNT 8 OF THE INDICTMENT:

8    GUILTY    NOT GUILTY

9                              Bank Fraud, in violation of Title 18,
                               United States Code, Section 1344, with
                               respect to 648 Queensland Circle,
10   _____ _____     Stockton, California, on or about
                               February 21, 2007

11   If you found the defendant guilty of Count Eight, do

12   you find the government proved beyond a reasonable doubt all

13   elements of Section 1344(1) of Title 18 of the United States Code

14   in Instruction Number 23?

15        Yes _____          No _____

16   If you found the defendant guilty of Count Eight, do

17   you find the government proved beyond a reasonable doubt all

18   elements of Section 1344(2) of Title 18 of the United States Code

19   in Instruction Number 24?

20        Yes _____          No _____

21

22   AS TO COUNT 9 OF THE INDICTMENT:

23   GUILTY    NOT GUILTY

24                             False Statement to a Federally Insured
                               Bank or other Federally Insured
25                             Financial Institution, in violation of
                               Title 18, United States Code, Section
                               1014, with respect to 10254 Gilliam
26   _____ _____     Drive, Elk Grove, California, on or
                               about April 4, 2007

27

28

4

1    AS TO COUNT 10 OF THE INDICTMENT:

2    GUILTY        NOT GUILTY

3                                       False Statement to a Federally Insured
                                        Bank   or   other   Federally   Insured
                                        Financial Institution, in violation of
4                                       Title 18, United States Code, Section
                                        1014, with respect to 8001 Cavalier
5    _____   _____            Way, Sacramento, California, on or
                                        about April 18, 2007
6

7    AS TO COUNT 11 OF THE INDICTMENT:

8    GUILTY        NOT GUILTY

9                                       False Statement to a Federally Insured
                                        Bank   or   other   Federally   Insured
10                                      Financial Institution, in violation of
                                        Title 18, United States Code, Section
11   _____   _____            1014, with respect to 1977 San Ramos
                                        Way, Sacramento, California, on or
                                        about February 23, 2007
12

13

14   AS TO COUNT 12 OF THE INDICTMENT:

15   GUILTY        NOT GUILTY

16                                      False Statement to a Federally Insured
                                        Bank   or   other   Federally   Insured
17                                      Financial Institution, in violation of
                                        Title 18, United States Code, Section
18   _____   _____            1014, with respect to 648 Queensland
                                        Circle, Stockton, California, on or
                                        about February 21, 2007
19

20

21

22   _____                   _____
     DATED                              FOREPERSON
23

24

25

26

27

28

                                       5

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>   v.<br><br>SURJIT SINGH,<br><br>          Defendant. | No. 2:13-cr-00084-GEB<br><br>**VERDICT FORM** |

     WE, THE JURY, UNANIMOUSLY FIND THE DEFENDANT, SURJIT SINGH, AS FOLLOWS:

AS TO COUNT 1 OF THE INDICTMENT:

<u>GUILTY</u>    <u>NOT GUILTY</u>

                             Mail Fraud, in violation of Title 18, United States Code, Section 1341, with respect to Deed of Trust for 10254 Gilliam Drive, Elk Grove, California on or about April 4, 2007

_____  _____

AS TO COUNT 2 OF THE INDICTMENT:

<u>GUILTY</u>    <u>NOT GUILTY</u>

                             Mail Fraud, in violation of Title 18, United States Code, Section 1341, with respect to Deed of Trust for 8001 Cavalier Way, Sacramento, California on or about April 18, 2007

_____  _____

1

AS TO COUNT 3 OF THE INDICTMENT:

GUILTY        NOT GUILTY

                              Mail Fraud, in violation of Title 18,
                              United States Code, Section 1341, with
                              respect to Deed of Trust for 1977 San
_____  _____        Ramos Way, Modesto, California on or
                              about February 23, 2007


AS TO COUNT 4 OF THE INDICTMENT:

GUILTY        NOT GUILTY

                              Mail Fraud, in violation of Title 18,
                              United States Code, Section 1341, with
                              respect to Deed of Trust for 648
_____  _____        Queensland Circle, Stockton, California
                              on or about February 21, 2007


AS TO COUNT 5 OF THE INDICTMENT:

GUILTY        NOT GUILTY

                              Bank Fraud, in violation of Title 18,
                              United States Code, Section 1344, with
                              respect to 10254 Gilliam Drive, Elk
_____  _____        Grove, California, on or about April 4,
                              2007

        If you found the defendant guilty of Count Five, do you

find the government proved beyond a reasonable doubt all elements

of Section 1344(1) of Title 18 of the United States Code in

Instruction Number 23?

        Yes _____          No _____

        If you found the defendant guilty of Count Five, do you

find the government proved beyond a reasonable doubt all elements

of Section 1344(2) of Title 18 of the United States Code in

Instruction Number 24?

        Yes _____          No _____

2

AS TO COUNT 6 OF THE INDICTMENT:

<u>GUILTY</u>       <u>NOT GUILTY</u>

                                 Bank Fraud, in violation of Title 18, United States Code, Section 1344, with respect to 8001 Cavalier Way, Sacramento, California, on or about April 18, 2007

_____ _____

        If you found the defendant guilty of Count Six, do you find the government proved beyond a reasonable doubt all elements of Section 1344(1) of Title 18 of the United States Code in Instruction Number 23?

        Yes _____          No _____

        If you found the defendant guilty of Count Six, do you find the government proved beyond a reasonable doubt all elements of Section 1344(2) of Title 18 of the United States Code in Instruction Number 24?

        Yes _____          No _____


AS TO COUNT 7 OF THE INDICTMENT:

<u>GUILTY</u>       <u>NOT GUILTY</u>

                                 Bank Fraud, in violation of Title 18, United States Code, Section 1344, with respect to 1977 San Ramos Way, Modesto, California, on or about February 23, 2007

_____ _____

        If you found the defendant guilty of Count Seven, do you find the government proved beyond a reasonable doubt all elements of Section 1344(1) of Title 18 of the United States Code in Instruction Number 23?

        Yes _____          No _____

3

1    If you found the defendant guilty of Count Seven, do

2  you find the government proved beyond a reasonable doubt all

3  elements of Section 1344(2) of Title 18 of the United States Code

4  in Instruction Number 24?

5             Yes _____          No  _____

6

7  AS TO COUNT 8 OF THE INDICTMENT:

8  GUILTY      NOT GUILTY

9                          Bank Fraud, in violation of Title 18,
                           United States Code, Section 1344, with
                           respect to 648 Queensland Circle,
10 _____  _____  Stockton, California, on or about
                           February 21, 2007

11   If you found the defendant guilty of Count Eight, do

12 you find the government proved beyond a reasonable doubt all

13 elements of Section 1344(1) of Title 18 of the United States Code

14 in Instruction Number 23?

15            Yes _____          No  _____

16   If you found the defendant guilty of Count Eight, do

17 you find the government proved beyond a reasonable doubt all

18 elements of Section 1344(2) of Title 18 of the United States Code

19 in Instruction Number 24?

20            Yes _____          No  _____

21

22 AS TO COUNT 9 OF THE INDICTMENT:

23 GUILTY      NOT GUILTY

24                         False Statement to a Federally Insured
                          Bank or other Federally Insured
25                        Financial Institution, in violation of
                          Title 18, United States Code, Section
                          1014, with respect to 10254 Gilliam
26 _____  _____ Drive, Elk Grove, California, on or
                          about April 4, 2007

27

28

                                4

1    AS TO COUNT 10 OF THE INDICTMENT:

2    GUILTY        NOT GUILTY

3                             False Statement to a Federally Insured
                              Bank   or   other   Federally   Insured
                              Financial Institution, in violation of
4                             Title 18, United States Code, Section
                              1014, with respect to 8001 Cavalier
5    _____  _____   Way, Sacramento, California, on or
                              about April 18, 2007
6

7    AS TO COUNT 11 OF THE INDICTMENT:

8    GUILTY        NOT GUILTY

9                             False Statement to a Federally Insured
                              Bank   or   other   Federally   Insured
10                            Financial Institution, in violation of
                              Title 18, United States Code, Section
11   _____  _____   1014, with respect to 1977 San Ramos
                              Way, Sacramento, California, on or
12                            about February 23, 2007

13

14   AS TO COUNT 12 OF THE INDICTMENT:

15   GUILTY        NOT GUILTY

16                            False Statement to a Federally Insured
                              Bank   or   other   Federally   Insured
                              Financial Institution, in violation of
17                            Title 18, United States Code, Section
                              1014, with respect to 648 Queensland
18   _____  _____   Circle, Stockton, California, on or
                              about February 21, 2007
19

20

21

22   _____        _____
     DATED                         FOREPERSON
23

24

25

26

27

28
                              5