UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:13-cr-084-GEB |
|---|---|
| Plaintiff, | TENATIVE FINDINGS ON OBJECTIONS TO PRESENTENCE REPORT |
| v. | |
| ANITA SHARMA, | |
| Defendant. | |

Defendant objects to paragraph 37 in the Presentence Report, arguing she was a minor participant in the criminal activities involved in her convictions and therefore deserves a 2 level decrease in her offense level under U.S.S.G. § 3B1.2(b). "[I]t is well established that the defendant bears the burden of proving that [s]he is entitled to a downward adjustment based on h[er] role in the offense." United States v. Rodriguez-Castro, 641 F.3d 1189, 1193 (9th Cir. 2011) (citation and internal quotations and brackets omitted).

Defendant engaged in the fraudulent criminal activities of purchasing five properties she knew she could not legitimately purchase, and it is pellucid that she understood the scope and structure of the criminal activities involved with the purchases. Defendant repeatedly lied in order to get loans from lending institutions for the purchases and knew that loan applications she signed contained fraudulent information. Even though her

1

salary was less than $35,000 a year, she bought five homes for over $4 million. See Presentence Report ("PSR") ¶ 13, ECF No. 206. She also met with accountant Willie McBride in order to have fraudulent tax returns created for the purchase scheme, and she confirmed misrepresentations to him about her employment and income. Id. ¶ 11.

Defendant was paid to purchase houses she knew she could not legitimately qualify to purchase and deposited the money she was paid into her bank account. Id. ¶ 13. Defendant was aware that Rajeshwar Singh was the broker for the fraudulent purchases, and she bought two houses from him. Id. ¶ 29. Defendant also knew she was not the only straw buyer and knew her boyfriend had been a straw buyer first. Id.

Defendant also signed a letter containing falsehoods in which she described how she was going to move to 8001 Cavalier Way, why she was moving there, and why the move would not affect her fictitious business. Id. ¶ 13. She also signed another letter in which she discussed her fictitious business and gave the bank a breakdown of her made up fees. Id. She accepted rental payments from certain tenants, and received over $20,000 in connection with the purchases from the Singhs. Id. She also received money from escrow. Id.

In light of the degree to which the defendant understood the scope and structure of the criminal activities, the degree to which she participated in the criminal activities, and the nature and extent of her participation in the commission of the criminal activities, and benefitted therefrom, her objection to paragraph 37 in the Presentence Report is overruled.

1 | Defendant also objects to paragraph 41 in the presence Report arguing she should have received a reduction in her total offense level in that paragraph under U.S.S.G. § 3E1.1(2) because she has accepted responsibility for her criminal activities. "The plain language of § 3E1.1 places the burden on [Defendant] to show [s]he is deserving of the [requested offense level] reduction." United States v. Ramos-Medina, 706 F.3d 932, 940 (9th Cir. 2013). Defendant has not satisfied this burden. The manner in which she challenged the evidence in this case evinces she has not accepted responsibility for the extent of her criminal activities. Although she did admit some of her conduct when the special agents of the Federal Bureau of Investigation questioned her, she did not admit the full scope of her criminal involvement. PSR ¶ 41. She also makes a conclusory admission of wrongdoing in her post convictions statement to the Probation Officer, but this statement does not demonstrate that she has accepted responsibility for her criminal activities. Id. Instead, the statement indicates her disappointment about the impact her convictions have on her and members of her family. Id.

Therefore, Defendant's objection to paragraph 41 in the Presentence Report is overruled.

A copy of this order shall be appended "to any copy of the presentence report made available to the Bureau of Prisons." Fed. Rule Crim.Proc. 32(i)(3)(C).

Dated: April 26, 2018

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge