UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　v.<br><br>ANITA SHARMA,<br><br>　　Defendant. | No. 2:13-cr-00084-JAM<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)** |

On April 28, 2021, Defendant filed a Motion for Compassionate Release. See Mot., ECF No. 359. The Court finds extraordinary and compelling reasons warrant the termination of the remainder of Defendant's sentence. Defendant is 59 years old and has health conditions that place her at high risk of serious complications or death if infected with COVID-10. She has diabetes and a well-documented history of high blood pressure, high cholesterol, and ischemic colitis. See BOP Medical Records and Stanford Health Care Report, Ex. 3 to Mot., ECF No. 363. In August 2018, Defendant had a heart attack. Stanford Health Care Report at 1. Defendant has been vaccinated, but the vaccine may not protect against the increasingly common, more contagious, and more virulent COVID-19 variants.

Defendant also suffers from serious mental health issues. She has been diagnosed with posttraumatic stress disorder, major depressive disorder, and panic disorder. See Dr. Ross Diagnosis Report and Opinion, Ex. 10 to Reply, ECF No. 376-1. To begin dealing with these issues, Defendant enrolled in a full services mental health treatment program through Santa Clara County's Behavioral Health Services in January 2021. See Santa Clara Behavioral Health Status Report, Ex. 4 to Mot., ECF No. 363-1. She participates in regular counseling sessions to treat her various mental health issues. In addition, Defendant's son developed cancer while she was incarcerated. Letter from Def., ECF No. 373-1. He is now in recovery and Defendant intends to support him throughout his recovery process. Id.

The Court finds that the 18 U.S.C. § 3553(a) sentencing factors do not require a different result. Defendant poses a low risk of recidivism or danger to the public. Defendant's convictions are for non-violent crimes that occurred approximately 15 years ago. She had no contact with the criminal justice system prior to this case. Her offense level was 23 and criminal history category was I. PSR at 4, ECF No. 206. Furthermore, Defendant self-surrendered on January 9, 2019, and was released pending appeal on November 2, 2020. Thus, she has served approximately half of her 46-month term of incarceration. Terminating the remainder of her sentence at this point would not minimize her original sentence's deterrent effect.

Defendant has spent the last seven months out of custody. She was also out of custody for several years pretrial and has

performed well and without issue during these significant periods of time in and out of custody.  See BOP Sentence Monitoring Data at 1-3, Ex. 8 to Mot., ECF No. 359-6.  Allowing Defendant to remain out of custody and commence her term of supervised release would not put the community at risk.  Considering Defendant's physical and mental health issues, the efforts she has made to treat them, and her intentions to assist her recovering son, the Court finds there is more benefit to defendant and the public not to interrupt these positive developments with reincarceration.  A return to prison will likely derail Defendant's progress at a greater and unnecessary cost to her and to society.

Accordingly, the Court GRANTS Defendant's Motion to Reduce Sentence and imposes a sentence of time served.  Defendant's June 21, 2021, self-surrender date is hereby VACATED.  The Government has until June 4, 2021, to file a request for Defendant's conditions of release.  Defendant shall file a reply by June 9, 2021.  The Court will issue the final order of release upon review of these filings.  Once the final order of release has been issued, Defendant shall begin serving her 24-month term of supervised release.

IT IS SO ORDERED.

Dated: May 27, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE